UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KATHERINE L. ZUNIGA,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

Case No. 1:24-cv-00673-KES-EPG

ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY AND DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR PERMISSIBLE PURPOSE ORDER

(ECF Nos. 35, 36)

This matter is before the Court on the motion of Defendant Experian Information Solutions, Inc. to stay discovery in this case until its motion to compel arbitration is decided. (ECF No. 35). Additionally, the Court will address Plaintiff's motion for a permissible purpose order, which asks the Court to order Defendant to produce certain documents. (ECF No. 36).

Upon review of the parties' briefing and the applicable law, the Court will grant Defendant's motion to stay discovery and deny, without prejudice, Plaintiff's motion for a permissible purpose order.

## I. BACKGROUND

As amended, Plaintiff's complaint alleges that Defendant violated "the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et. seq.*, and the Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785 *et. seq.*," by "mixing Plaintiff's credit file with another consumer." (ECF No. 17, p. 2) (minor alterations).

Shortly after the Court issued its scheduling order, Defendant filed a motion to compel arbitration. (ECF No. 34). Generally, Defendant argues that Plaintiff agreed to arbitrate her claims in connection with signing up for its affiliate credit monitoring service, CreditWorks. The motion is currently pending before the assigned District Judge.

On October 14, 2024, Defendant filed a motion to stay discovery pending a ruling on its motion to compel arbitration. (ECF No. 35). On October 21, 2024, Plaintiff filed an opposition; and on October 28, 2024, Defendant filed its reply. (ECF Nos. 38, 40).

On October 14, 2024, Plaintiff file a motion for a permissible purpose order, seeking a court order compelling Defendant to produce certain documents pursuant to a federal statute. (ECF No. 36). Defendant filed an opposition on October 28, 2024, arguing in pertinent part, that the motion should be denied based on its motion to stay discovery. (ECF No. 41). Plaintiff has not filed a reply, and the time to so has expired. *See* Local Rule 230(d) (providing 10 days for a reply).

## II. STANDARDS

The Court begins with Defendant's motion to stay discovery. While "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery in the face of potentially dispositive motions . . . district courts may nonetheless exercise wide discretion in controlling discovery." *Marsh v. AFSCME Loc. 3299, No.* 2:19-CV-02382-JAM-DB, 2020 WL 1475442, at *2 (E.D. Cal. Mar. 26, 2020) (internal quotation marks and internal citations omitted). "While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, No. 2:19-CV-01788-MCE-KJN, 2020 WL 2216944, at *2 (E.D. Cal. May 7, 2020) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

"District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery." *Apothio, LLC v. Kern Cnty.*, No. 1:20-CV-00522-JLT-CDB, 2023 WL 2655847, at *5 (E.D. Cal. Mar. 27, 2023). Under the first prong, the Court considers whether the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed" and "even if the motions are not completely dispositive, courts will stay

discovery where resolution of the motions will impact the number of defendants and legal theories at issue which will in turn impact the scope of discovery." *Id.* (internal quotation marks and citation omitted). Under the second prong, the Court evaluates "whether the pending, potentially dispositive motion can be decided absent additional discovery." *Id.* (citation omitted). Further, "[a]side from the two-prong analysis discussed above, the Court is mindful that it should inevitably balance the harm of staying discovery with the benefit of allowing discovery to continue." *Id.* at 7 (internal quotation marks and citation omitted).

**III. ANALYSIS**

As for the first prong—whether the motion to compel arbitration is potentially dispositive—Plaintiff argues that Defendant has failed to provide evidence that she assented to the arbitration agreement's terms.[1] (ECF No. 38, p. 8). While Plaintiff acknowledges that Defendant has supported its motion to compel arbitration with the declaration of an employee who lays out how Plaintiff purportedly came to agree to arbitration, she raises various challenges to this evidence. Notably, she characterizes the declaration as being "signed by a serial affiant-for-hire," she contends that the declarant lacks personal knowledge "as [to] what Plaintiff saw and clicked upon" in agreeing to the arbitration agreement, and she asserts that Defendant has not provided records referred to in the declaration. (*Id.*, minor alterations). Defendant argues that its motion is potentially dispositive of the case, citing cases where courts addressed "identical motions under the same or similar CreditWorks Terms of Use have granted such motions and compelled arbitration." (ECF No. 35-1, p. 2, *citing, among other cases, Stephens v. Experian Info. Sols., Inc.*, 614 F. Supp. 3d 735 (D. Haw. 2022)).

Upon review, the Court concludes that the pending motion to compel arbitration is "sufficiently meritorious for a finding that the motion[] [is] potentially dispositive of the case." *Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*, No. 1:18-CV-01505-LJO-BAM, 2019 WL 9667685, at *3 (E.D. Cal. Dec. 20, 2019). Notably, the motion provides some evidence that

[1] Plaintiff also briefly argues that Defendant's motion to stay discovery should be denied because Defendant did not follow Local Rule 251(b), which requires parties to confer regarding discovery disputes and thereafter file a joint statement regarding their discovery disagreement. (ECF No. 38, p. 6). Defendant responds that, while the parties did not file a joint statement, they did confer prior to the filing of its motion to stay discovery. (ECF No. 40, p. 3). Even assuming that the motion to stay discovery fell under Local Rule 251(b), the Court would excuse compliance with the Rule as the parties have conferred and the parties' positions have been briefed.

Plaintiff agreed to arbitration, including the declaration of its affiliate's employee regarding how Plaintiff agreed to the arbitration agreement's terms. While Plaintiff challenges the declaration's admissibility, the Court does not find such challenges so compelling to make the motion not even "potentially dispositive." Notably, the Court's role at this stage is to take only a "preliminary peek" at the motion to compel arbitration, which "is not intended to prejudge the outcome of the motion." *Apothio, LLC*, 2023 WL 2655847, at *6. Moreover, as Defendant points out, courts have compelled arbitration under similar circumstances before. *See, e.g.*, *Ferrell v. to AppFolio, Inc.*, No. 8:23-CV-01353-JWH-DFM, 2024 WL 158103, at *1 (C.D. Cal. Jan. 11, 2024)*; Stephens*, 614 F. Supp. 3d at 738. Accordingly, the Court concludes that Defendant's motion to compel arbitration is at least potentially dispositive of the case.

Regarding the second prong— whether the pending, potentially dispositive motion can be decided absent additional discovery—Plaintiff states that "[t]he issues raised in [Defendant's] unsupported Motion to Compel cannot be determined without further evidence," asserting that Defendant "has provided no admissible evidence in support of the heavy burden of proof imposed upon proponents of contract enforcement in California, namely that such a contract was ever formed." (ECF No. 38, p. 9). Defendant counters that no additional evidence is needed to decide its motion, contending that the declaration at issue is admissible evidence. (ECF No. 40, p. 4).

Ultimately, the Court finds good cause for a stay of discovery. While Plaintiff contends that further evidence is needed to decide the motion to compel arbitration, she does not present a developed argument as to what specific evidence is needed and why. Moreover, if the assigned District Judge determines that further discovery is needed, the District Judge may permit limited discovery at that time.

Lastly, the Court has balanced Plaintiff's interests in proceeding with the case against Defendant's interests in not being unduly burdened by unnecessary discovery. While the Court is sympathetic to Plaintiff's desire to move forward as soon as possible, the Court finds that this temporary stay will not unreasonably delay the litigation.

Because the Court will order discovery to be stayed, it will deny without prejudice Plaintiff's motion for a permissible purpose order, which asks the Court to order Defendant to produce certain information. However, before refiling such a motion in the future, the Court will

require the parties to participate in an informal discovery dispute conference as outlined in the Court's scheduling order. (ECF No. 31, p. 4).

**IV. CONCLUSION AND ORDER**

Having concluded that a stay is warranted, IT IS ORDERED as follows:

1. As Defendant Trans Union, LLC has been dismissed from this case (ECF No. 27), the Clerk of Court shall revise the case caption from "1:24-cv-00673-KES-EPG Zuniga v. Trans Union, LLC et al." to "1:24-cv-00673-KES-EPG Zuniga v. Experian Information Solutions, Inc."
2. Defendant's motion to stay discovery (ECF No. 35) is granted.
3. All discovery is stayed until after the District Judge rules on the pending motion to compel arbitration. Further, all pending dates and deadlines in the scheduling order are vacated, to be reset at a later date, if necessary. (ECF No. 31).
4. If the District Judge denies the motion to compel arbitration, the parties shall file a joint status report within 10 days from the date of the ruling providing proposed dates for a revised case schedule.
5. Plaintiff's motion for a permissible purpose order (ECF No. 36) is denied without prejudice. Before refiling such a motion in the future, the parties must first participate in an informal discovery dispute conference. (ECF No. 31, p. 4).

IT IS SO ORDERED.

Dated: **November 18, 2024**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE